UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| BRIANA KIRK, | ) |
| Plaintiff, | ) ) ) ) |
| v. | )  Case No. 4:19-cv-00010-TWP-DML |
| PIERCE MORTUARY COLLEGES, INC. *Clerk's Entry Of Default Entered 7/9/2019*, | ) ) ) ) |
| Defendant. | ) |

## ENTRY FOLLOWING THE JANUARY 24, 2020 DAMAGES HEARING

This matter is before the Court for a decision on damages sought by Plaintiff Briana Kirk ("Ms. Kirk") against Defaulted Defendant Pierce Mortuary Colleges, Inc. ("Pierce"). Ms. Kirk's Complaint alleged a violation of the Rehabilitation Act of 1973 and requested compensatory and punitive damages, injunctive relief, and attorney's fees and costs. (Filing No. 1 at 6.) Following an Entry of Default, a hearing was held on January 24, 2020 at which Ms. Kirk appeared and Pierce did not appear. Ms. Kirk presented evidence and made an argument for damages. The Court now finds as follows.

### I. BACKGROUND

Because Pierce did not file a responsive pleading in this action, the Court's facts come from Ms. Kirk's Complaint (Filing No. 1), and the evidence attached to her Motion for Default Judgment (Filing No. 11) and presented at the hearing. Ms. Kirk enrolled in Mid-America College of Funeral Service ("Mid-America")[1] located in Jeffersonville, Indiana, on October 3, 2017, as a

---

[1] In her pleadings, Ms. Kirk does not explain the relationship between Mid-America College and Pierce Mortuary Colleges, Inc.. She merely states: Plaintiff alleges that Defendant, Pierce Mortuary Colleges, Inc., (hereafter "Defendant" or "Mid-America"), failed accommodate her disability, resulting in her inability to complete a degree in its MortuaryAffairs Program. (Filing No. 1 at 1 ¶ 1).

3rd quarter student. Mid-America receives federal financial assistance as defined in the Rehabilitation Act. ([Filing No. 1 at 2](Filing No. 1 at 2) ¶5). Ms. Kirk resided in Lexington, Kentucky and commuted to school in Jeffersonville. Ms. Kirk suffers from Irritable Bowel Syndrome, Postural Orthostatic Tachycardis Syndrome, and Chronic Neck Pain. These disabilities made it difficult for her to attend classes regularly and when she did make it to class she often arrived late or left early.

Dean Alisa Perkins ("Dean Perkins") met with Ms. Kirk to discuss her condition and its impact on her attendance. Ms. Kirk obtained documentation of her disabilities from her physician and provided them to the school. Ms. Kirk continued to have attendance issues but would provide an excuse from her doctor when she missed class. At the end of her first quarter, the President of the school, Dr. Mitch Mitchell ("Dr. Mitchell"), met with Dean Perkins and Ms. Kirk. He explained to Ms. Kirk that if she missed more than 10% of her classes in the next quarter she would be expelled. Ms. Kirk informed Dr. Mitchell of her disabilities and Dr. Mitchell asked for the documentation Ms. Kirk had provided to Dean Perkins.

On or about February 21, 2018, during her last one on one meeting of the quarter, Dean Perkins informed Ms. Kirk that she was at risk of being placed on administrative leave due to her absences. Ms. Kirk explained to Dean Perkins that she felt Pierce's treatment of her violated the Americans with Disabilities Act. Dean Perkins gave Ms. Kirk different paperwork specific to Americans with Disabilities Act requests to fill out with her physician. Ms. Kirk set an appointment with her doctor for March 9, 2018 to fill out that paperwork, but on March 6, 2018, Dr. Mitchell placed her on administrative leave for six months. Ms. Kirk was passing all of her classes at the time. She could not transfer her credits to another school because Pierce was not regionally accredited. As a result of her administrative leave, Ms. Kirk lost her job with Ties

Mortuary Service and Kentucky Mortuary Services, because that employment was conditioned upon her enrollment in a Mortuary Affairs Program.

Ms. Kirk filed her Complaint on January 9, 2019, and provided a proof of service on March 22, 2019. (Filing No. 5.) She applied for an Entry of Default on June 19, 2019, and moved for default judgment on October 31, 2019. (Filing No. 11.) That Motion included the following itemized accounting of her damages:

| | |
|---|---:|
| Tuition at Mid-America | $ 7,800.00 |
| Mileage Incurred Travelling to Mid-America | $ 7,819.33 |
| Tolls Incurred Travelling to Mid-America | $ 352.00 |
| Lost Wages from Ties Mortuary Service | $ 5,200.00 |
| Lost Wages from Kentucky Mortuary Service | $ 4,160.00 |
| Lost VA Educational Benefit | $ 3,880.08 |
| Lost Wages from 11 month delay in graduation | $ 47,817.92 |
| Emotional Distress | $ 7,800.00 |
| Mileage Incurred Travelling to Mid-America | $ 7,819.33 |
| Tolls Incurred Travelling to Mid-America | $ 352.00 |
| Attorney Fees and Costs | $ 3,412.50 |
| Total | $ 80,441.82 |

The Court noticed discrepancies in the itemized damages and when totaled, damages amounted to $96,413.16 rather than the $80,441.82 indicated by Ms. Kirk's Motion for Default Judgment. The Court granted the Motion for Default Judgment (Filing No. 12), but scheduled a hearing to hear evidence and determine the amount of damages[2]. Ms. Kirk appeared at that hearing and offered evidence in support of her claimed damages. Pierce did not appear.

## II. DISCUSSION

Section 504 of the Rehabilitation Act of 1973 (19 U.S.C.A. §§ 791, 793, 794) (the "Rehabilitation Act") prohibits disability discrimination by federal agencies, federal contractors, and other recipients of federal financial assistance. Specifically;

---

[2] Fed. Rule Civ. Proc 55(b)(2) provides that the court may conduct a hearing when it needs to (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

> No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

Rehabilitation Act § 504. Types of prohibited discrimination include employment; education; building accessibility; and health, welfare, and social services. Courts have held that private individuals may file actions under the Rehabilitation Act against federal employers or against recipients of federal financial assistance; the action need not be brought by a government entity. A plaintiff who proves that a federal employer discriminated intentionally in violation of the Rehabilitation Act may receive compensatory and punitive damages, reasonable attorney fees and costs.

At the damages hearing, Ms. Kirk testified as to the following:

| | |
|---|---:|
| Tuition at Mid-America (two quarters) | $7,800.00 |
| Tolls Incurred Travelling to Mid-America | $352.00 |
| Mileage Incurred Travelling to Mid-America | $7,819.33 |
| Lost Wages from Ties Mortuary Service | $5,200.00 |
| Lost Wages from Kentucky Mortuary Service | $4,160.00 |
| Lost VA Educational Benefit | $3,880.08 |
| Lost Wages from 11-month delay in graduation | $47,817.92 |
| Emotional Distress | $10,000.00 |
| Total Compensatory Damages | $87,029.33 |
| Attorney's Fees and Costs | $3,412.50 |
| Total | $90,441.83 |

Ms. Kirk is not seeking punitive damages. Regarding compensatory damages, Ms. Kirk asks for $7,800.00 to compensate her for two quarters of tuition paid at Mid-America. Tuition is $3,900.00 per quarter. Ms. Kirk paid for two quarters. She completed the third quarter and earned

4

24 credit hours. Although she was unable to transfer those credits to another school,[3] Ms. Kirk received the educational benefit of one quarter at Mid-America. Ms. Kirk was expelled in the middle of her second quarter and received no credit for that quarter. (Filing No. 11-6.) Ms. Kirk accrued 25 extra credit hours upon her enrollment in Cincinnati College of Mortuary Sciences because that school allowed her to transfer 68 hours of undergraduate credit, 25 more than the 43 hours Mid-America allowed her to transfer. (Filing No. 11-5.) The Court determines the appropriate amount of **damages for tuition is $3,900.00**, which compensates Ms. Kirk for the cost of her second quarter at Mid-America, which she paid for without receiving a benefit since she was expelled.

Ms. Kirk asks for $352.00 for tolls and $7,819.33 for the mileage she traveled commuting to Mid-America over the two quarters. This number is based on Ms. Kirk's estimation that she travelled the 76.6 miles from her Lexington, Kentucky home to Jeffersonville, Indiana (Filing No. 11-7) on average four times per week over the course of the 22 weeks (two quarters) she was enrolled at Mid-America. (Filing No. 11-1 at 2-3.) Each trip she paid $4.00 in tolls and travelled 153.2 miles round trip. She arrived at the number $7,819.33 by assigning a value of .58 cents to each mile travelled. The Court finds the mileage calculations to be reasonable, however, Ms. Kirk is entitled to mileage and tolls only for the quarter when she was expelled. Thus the Court awards Ms. Kirk **$176.00 for tolls incurred and $3,909.66 for mileage travelled**.

During her enrollment at Mid-America, Ms. Kirk was employed at both Ties Mortuary Service and Kentucky Mortuary Services. Her employment was conditioned upon her enrollment in a mortuary sciences program, and when she was dismissed from Mid-America she lost her job

---

[3] Ms. Kirk subsequently enrolled at the Cincinnati College of Mortuary Sciences and received her degree from that school in December 2019. Because Mid-America was not regionally accredited she was unable to transfer the credits to institution.

at both mortuary services. The Court awards Ms. Kirk **$5,200.00 for lost wages at Ties Mortuary Service and $4,160.00 for lost wages at Kentucky Mortuary Services**. (Filing No. 11-1 at 3-4.)

Because of her father's military service, Ms. Kirk was entitled to a financial education benefit through the Department of Veterans Affairs. This award was $1,224.00 per month for up to 45 months. (Filing No. 11-9.) As a result of her expulsion from Mid-America, Ms. Kirk did not receive this benefit between August and December 2019. She calculates her total losses at $3,880.08, which includes the two full stipend payments she did not receive for August and September, the 75% stipend payment she did not receive for November, and the 42% stipend she did not receive for December.[4] (Filing No. 11-1 at 4.) The Court thus awards her **$3,880.08 for lost educational benefits from the Department of Veterans Affairs**.

Ms. Kirk also seeks lost wages due to the eleven-month delay in her graduation when she was expelled from Mid-America. She calculates these damages at $47,817.92. To arrive at that number, she took the general earnings of a funeral direction over a year period ($52,165.00) and pro-rated it over the period of eleven months. *Id.* The Court finds this calculation to overestimate Ms. Kirk's lost wages due to the eleven-month delay in her graduation. At the damages hearing, Ms. Kirk testified that she had obtained a job for which she would be earning about $3,000.00 per month, depending on certain bonuses she might receive. Thus, the Court awards her **$33,000.00 for lost earnings due to the eleven-month delay in graduation**, which is $3,000.00 per month for eleven months.

Ms. Kirk asks for **$10,000.00 in damages for emotional distress**, which the Court grants, noting that Ms. Kirk became homeless for a period of time after her expulsion from Mid-America.

---

[4] The stipend for November would have been only 75% of a regular payment because students have a one-week break for Thanksgiving. The stipend for December would have been only 42% of a regular payment for Ms. Kirk because she completed school on December 13, 2019.

Last, Ms. Kirk asks for **$3,412.50 for attorney's fees and costs**. This number is supported by evidence in the record ([Filing No. 11-2](Filing No. 11-2); [Filing No. 11-1](Filing No. 11-1)), and the Court **grants** this request. The Rehabilitation Act allows the Court, at its discretion, to award the prevailing party reasonable attorney's fees. 29 U.S.C. § 794a(b).

Thus, the Court awards Ms. Kirk the following itemized damages:

| | |
|---|---:|
| Tuition at Mid-America | $3,900.00 |
| Tolls Incurred Travelling to Mid-America | $176.00 |
| Mileage Incurred Travelling to Mid-America | $3,909.66 |
| Lost Wages from Ties Mortuary Service | $5,200.00 |
| Lost Wages from Kentucky Mortuary Service | $4,160.00 |
| Lost VA Educational Benefit | $3,880.08 |
| Lost Wages from 11-month delay in graduation | $33,000.00 |
| Emotional Distress | $10,000.00 |
| **Total Compensatory Damages** | **$64,225.74** |
| Attorney's Fees and Costs | $3,412.50 |
| **Total** | **$67,638.24** |

### III.    CONCLUSION

Based on the foregoing findings, **Default Judgment is entered against Defendant Pierce Mortuary Colleges, Inc.** in the amount of $67,638.24, on Plaintiff Briana Kirk's claim for violation of the Rehabilitation Act. Final judgment shall be entered accordingly.

**SO ORDERED.**

Date: 2/3/2020

_Tanya Walton Pratt_
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Andrew Dutkanych, III
BIESECKER DUTKANYCH & MACER LLC (Evansville)
ad@bdlegal.com


PIERCE MORTUARY COLLEGES, INC.
c/o Jill Karn
Registered Agent
3111 Hamburg Pike
Jeffersonville, IN 47130